[Cite as *State v. Harris*, 2024-Ohio-5400.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2024-0058 |
| DONALD HARRIS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0825

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    November 14, 2024

APPEARANCES:

For Plaintiff-Appellee

RON WELCH
Muskingum County Prosecutor

JOSEPH PALMER
Assistant Prosecutor
27 North 5th Street, Suite 201
Zanesville, Ohio 43701

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
545 Metro Place, South, Suite 100
Dublin, Ohio 43017

*Hoffman, J.*

**{¶1}** Defendant-appellant Donald Harris appeals the judgment entered by the Muskingum County Common Pleas Court convicting him upon his pleas of guilty to two counts of gross sexual imposition (R.C. 2907.05(A)(4)), and sentencing him to an aggregate term of incarceration of eight years. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** Appellant was indicted by the Muskingum County Grand Jury with fifteen counts of gross sexual imposition involving two separate victims. The indictment alleged the offenses as to one victim occurred between 2008 and 2010, and the offenses related to the other victim occurred between 2010 and 2013.

**{¶3}** Pursuant to a negotiated plea agreement, Appellant pled guilty to two counts of the indictment, one count as to each of the victims, and the State dismissed the remaining charges. The parties agreed to jointly recommend a sentence of 48 months incarceration on each count, to be served consecutively for an aggregate term of incarceration of eight years. It is from the April 15, 2024 judgment of the trial court Appellant prosecutes his appeal.

**{¶4}** Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶5} We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN AMENDING HARRIS'S INDICTMENT, ERRED IN ACCEPTING HARRIS'S GUILTY PLEAS UNDER CRIM. R. 11, AND ERRED IN SENTENCING HARRIS.

**Amendment of Indictment**

{¶6} At the plea hearing, the trial court allowed the State to amend the indictment to remove the full names of the victims, and substitute the victims' initials. Appellant had no objection to the amendment. Plea Tr. 13.

{¶7} Crim. R. 7(D) allows errors of omission to be corrected during the course of or even after the trial, as long as such amendment makes no change in the name or identity of the crime charged. In the instant case, the amendment did not change the

name or identify of the crime charged, but merely changed the identification of the victims from their full names to initials. We find no error in the amendment of the indictment. *See State v. Bennett*, 2006-Ohio-5530, ¶96 (5th Dist.) (change of name of store as victim in indictment did not change nature or identify of offense).

### Plea Hearing

**{¶8}** Counsel concedes the trial court engaged in a complete plea colloquy as required by Crim. R. 11. Upon review of the plea hearing, we find no error in the trial court's acceptance of Appellant's guilty pleas.

### Sentencing

**{¶9}** In the instant case, the sentence was jointly recommended. R.C. 2953.08(D)(1), which governs appellate review of sentencing, states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." The sentence in the instant case was authorized by law. The sentence fell within the statutory range. The trial court is not required to make the requisite findings to impose consecutive sentences set forth in R.C. 2929.14(C)(4) when the sentence is jointly recommended. *State v. Sergent,* 2016-Ohio-2696, ¶ 43. Post-release control was properly imposed, and the trial court considered the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. Finally, the offenses are not allied offenses of similar import because they involve two separate victims and two distinct time periods. *See State v. Ruff,* 2015-Ohio-995. In addition, as part of the plea agreement, the parties stipulated the offenses did not merge. We find no error in the sentence imposed by the trial court.

**{¶10}** After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Fairfield County Court of Common Pleas.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur